## Inland Collieries Company *v.* John Veges, Appellant.

*Leases—Judgments—Amicable Action—Appeals—Waiver.*

Argued October 26, 1927. Appeal No. 583, April T., 1928, by defendant from judgment of C. P. Allegheny County, October T., 1927, No. 1221, in the case of Inland Collieries Company v. John Veges. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Appeal dismissed.

Rule to strike off judgment. Before MOORE, J.

The facts are stated in the opinion of the Superior Court.

The Court discharged the rule. Defendant appealed.

*Error assigned* was the order of the Court.

*O. K. Eaton,* and with him *W. H. Coleman,* for appellant.

*A. Leo Weil,* of *Weil, Christy & Weil,* for appellee.

OPINION BY CUNNINGHAM, J., November 21, 1927:

The proceeding in the court below was an amicable action of ejectment, the commencement of which is alleged to have been authorized by the provisions of a certain lease for a house and lot designated as No. 44, owned by appellee and leased by it to appellant. Appellant has appealed from the refusal of that court to strike off the judgment in ejectment confessed against him in the course of the proceedings by an attorney acting for him upon this occasion under a warrant of attorney contained in the lease. At the date of the execution of the lease, March 20, 1924, appellant was in the employ of appellee but on August 5, 1927, was discharged and notified to surrender possession of the house and lot within five days from that date. The provisions of the lease relied upon by appellee are these: "The lessor may terminate the lease at any time. Notice of termination shall be in writing and may be served personally on the lessee or left or posted on the premises; provided, however, that if the lessee, who is now an employe of the lessor, shall quit or be discharged from such employment, the lease shall immediately terminate and the lessee shall remove from and surrender possession of the premises to the lessor within five days thereafter without notice of any kind. If possession shall not be surrendered by the lessee in any case in which the lessor is entitled to it, or if the rent, or any part thereof, is not paid when due, the lessor may at any time commence an action of ejectment for the premises; and any attorney of the court in which such action is commenced may appear for the lessee, and for any person or persons in possession under him, accept service of the writ, and forthwith confess judgment in such action against the lessee, or the person or persons claiming under him, for said premises, and for any rent then due and unpaid, for

which this shall be his warrant; upon which judgment a writ or writs may at once issue to restore possession of the premises to the lessor and for the collection of the unpaid rent and all costs. And all errors and defects in such judgment and in the proceedings thereon are hereby waived, as well as all stay and exemption laws now or hereafter in force, and no writ of error, objection or exception shall be taken thereto.''

On August 11, 1927, appellant having failed to remove from the premises and the rent being in arrears to the amount of $27, appellee commenced an action of ejectment at No. 1221, October T., 1927, of the court below, by causing to be issued a summons in ejectment for the premises, returnable the first Monday of September, 1927. A statement, verified by affidavit, setting forth as the cause of action the execution of the lease, the discharge of appellant and notice to surrender possession, and his refusal and default in payment of rent, and averring title and right to immediate possession in appellee, was filed. To this statement copies of the lease and notice were attached as exhibits. On the same day an attorney of the court below, acting for appellant under the above quoted warrant, accepted service of the writ and confessed judgment against him in the following terms: ''By virtue of the power and authority set forth in the warrants of attorney contained in agreement of lease made between Inland Collieries Company and John Veges dated March 20, 1924, appended to and made part of the statement filed at the above number and term, marked Exhibit 'A,' I do hereby appear for the defendant, John Veges, and accept service of the summons in ejectment and confess judgment against said defendant and in favor of the plaintiff, Inland Collieries Company, for all that house and lot known as No. 44 in the Town of Indianola, Indiana Township, Allegheny County, Pennsylvania, being the house and

lot number of the Inland Collieries Company's plan of its mining village, with costs of suit, without any stay of execution, appeal, writ of error, or objection or exception, together with $27 rent now due." A writ of *hab. fa.* was issued and appellant filed his petition to strike off the judgment. The court below, after consideration thereof, refused the petition and appellant took this appeal, assigning such refusal as error. Although a number of reasons for striking off the judgment were stated in the petition the only one pressed in this court is that the judgment is illegal and void because it was confessed prior to the return day of the writ. We also have before us a motion to quash this appeal upon the ground that appellant, under the provisions of the lease, waived his right to have the judgment against him reviewed and argument was heard upon this motion and upon the merits at the same time.

In an opinion filed this day in the case of Consumers Mining Company v. Smaile Chatak, App., at No. 535, April T., 1928, of this court we stated at length our reasons for holding that the appellant in that case had waived, under the provisions of the lease there under consideration, the right to appeal from the judgment confessed against him. The language of the waiver clause of the lease in the case now at bar is identical with that used in the lease which was considered in the Chatak case, namely, that "all errors and defects in such judgment and in the proceedings thereon are hereby waived, as well as all stay and exemption laws now or hereafter in force, and no writ of error, objection or exception shall be taken thereto." For the reasons stated in the opinion to which we have referred we are unanimously of opinion that this appeal should be dismissed. Notwithstanding this conclusion we have examined appellant's contentions upon the merits. This case differs from the Chatak case in that in this in-

stance a writ was actually issued—a fact which deprives this appellant of one of the grounds of attack urged in that case.   This lease authorizes the confession of the judgment "forthwith."   In the case of Pittsburgh Terminal Coal Corporation v. Robert Potts at No. 75, April T., 1928, of this court, in which an opinion is also this day filed, we have fully considered, among other issues, the question involved upon the merits of this appeal and decided it adversely to the contention of appellant.

The appeal is dismissed at the costs of appellant.